IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE DEBRA A. SIMONELLI,<br><br>                    *Debtor.* | Chapter 13<br><br>Bankr. Case No.:    **08-34602-RG** |
| HOLT CONSTRUCTION CORP., a New York corporation,<br><br>                    *Plaintiff,*<br><br>v.<br><br>DEBRA A. SIMONELLI,<br><br>                  *Defendant.* | Adv. Proceeding No.: **09-1413-RTL** |

**AFFIRMATION OF DAWN R. SANFILIPPO, ESQ.
IN SUPPORT OF DEBTOR'S MOTION *IN LIMINE***

DAWN R. SanFILIPPO, of full age, hereby deposes and AFFIRMS:

1. I am an attorney at law of the State of New Jersey, and shareholder of the law firm of DAWN R. SANFILIPPO, ESQ., P.C. (the "Firm"), duly admitted to practice before this district. The Firm is currently serving in the capacity of counsel to the individual debtor, Debra A. Simonelli (hereinafter, the "Debtor") in the above-captioned adversary proceeding initiated by Holt Construction Corporation ("Holt").

2. I make this Affirmation in support of the Debtor's pending motion *in limine* for sanctions, exclusion of evidence, and to extend the Bankruptcy stay to the non-debtor entities Frances Steel Construction, Inc. ("Frances Steel") and Studio Associates, Inc. ("Studio"), both New Jersey corporations.

3. On December 11, 2009, during the pendency of this adversary proceeding, Holt

- 1 -

issued and served a subpoena duces tecum upon Capital One, N.A. *See* Capital One Bus. Records Affid. dated Jan. 27, 2010, a true copy of which is annexed hereto as Exhibit "A". At least one other subpoena was issued to Bank of America, but only a FedEx receipt of the production was produced by Holt (Exhibit "B"). As evidenced by the Capital One affidavit, Holt did not issue its subpoenas pursuant to Rule 9016. Instead, Holt's subpoenas issued under a Rockland County Supreme Court Index Number 940/2008 in the matter of *Holt Constr. Corp. v. Frances Steel Constr., Inc.*, in order to obtain documentary evidence to confront the Debtor at a deposition noticed in this adversary proceeding.

4. The documents obtained pursuant to Holt's New York Supreme Court subpoenas also included Frances Steel's bank account statements, as well as those of Studio Associates, Inc. ("Studio"), a separate legal but non-operating corporation owned by Debtor. At one time Studio shared office space and certain expenses with Frances Steel. The documents Holt subpoenaed through the state court also include Debtor's *personal* bank-account statements. Holt had not produced any these documents pursuant to a Rule 34 notice within this adversary proceeding.

5. Neither this Firm nor the Debtor received contemporaneous notice of these subpoenas. The third-party documents produced pursuant to Holt's state-court subpoenas had not been served by Holt, nor had Debtor or the Firm been invited to inspect or copy documents when Holt obtained them.

6. These documents appeared for the first time on March 24, 2010 as Holt's exhibits at an oral deposition of Simonelli noticed by Holt. I had no opportunity as Debtor's counsel to review and/or prepare my client to be examined on their contents, essential to Holt's case and, thus, to our defense.

7. During the Debtor's deposition I attempted to contact the Court for guidance regarding Holt's apparent violation of the automatic stay. I questioned Holt's counsel, who

- 2 -

stated that the documents had been subpoenaed in connection with collection activities against Frances Steel. Holt's counsel added that he issued state-court subpoenas so that Holt had no obligation to notice either Debtor or the Firm. At that time, I understood that Holt had subpoenaed the documents contemporaneously with the Rockland County Supreme Court Judgment it obtained against Frances Steel in mid-2008, but *before* the filing for Chapter 13 relief in Bankruptcy with the attendant, automatic stay. This turned out to be incorrect.

8. I suspended the Debtor's deposition until I had been accorded the belated opportunity to inspect and copy the documents Holt obtained through state-court subpoenas. That inspection occurred in Newburgh, New York on March 31, 2010.

9. It was at this inspection that I first discovered the Rockland County subpoenas did *not* predate this Bankruptcy case. The subpoenas were issued in or about August and late December of 2009. These dates were well after the automatic stay went into effect on December 10, 2008, and later than Holt's initiation of this adversary proceeding on March 18, 2009.

> *Pursuant to 28 U.S.C. § 1796(2), I affirm under penalty of perjury that the foregoing is true and correct.*

Dated:     April 19, 2010:

/s/ Dawn R. SanFilippo
DAWN R. SANFILIPPO

- 3 -

# EXHIBIT "A"

- 4 -

## BUSINESS RECORDS AFFIDAVIT

BEFORE ME, the undersigned authority, personally appeared the herein named Affiant, who, being by me duly sworn, deposed as follows:

1. I, the below-signed Affiant, am an adult citizen of the United States of America.

2. This Declaration is made in conjunction with Capital One's response to the subpoena, search warrant, summons, or request issued by **Holly Reinhardt, Esq.** in the matter of **Index No. 2008-940, Holt Construction Corp. v. Frances Steel Construction, Inc.** dated **December 11, 2009.**

3. I am employed by **Capital One Services, LLC**, and in this position I have personal knowledge of the business records of and am a qualified person authorized to declare and certify on behalf of **Capital One, NA ("Capital One")** that the documents attached hereto represent those responsive to any reasonable request of the Subpoena as returned from a reasonably diligent search of Capital One's systems of record and are true and accurate duplicates of the original business records maintained by Capital One.

4. I further certify that the documents attached hereto (i) were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (ii) were kept in the course of the regularly conducted business activity of Capital One; and (iii) were made by Capital One as a regular practice during its regularly conducted business activity.

_____  _____Karen Parsons_____
Signature of Affiant                            Printed Name of Affiant

SWORN TO AND SUBSCRIBED before me on this __27__ day of __January__, 20_10_.

[Notary Seal: HOLLY MARIE CARTER, NOTARY PUBLIC, REG. #7256548, MY COMMISSION EXPIRES 4/23/2013, COMMONWEALTH OF VIRGINIA]

_____
NOTARY PUBLIC in and for the
**COMMONWEALTH OF VIRGINIA**

__Holly Marie Carter__
Notary's Printed Name

My commission expires on the _____ day of _____, 20____.

| For Capital One Use Only |
|---|
| Assoc: KMP |
| Case #: 200926026 |

Business Records Affidavit
State - General



Page 1 of 1

From: Origin ID: LFIA  (804) 284-7739
Karen Parsons
Capital One
15000 Capital One Drive

Richmond, VA 23238

SHIP TO: (845) 565-1100   BILL SENDER
Holly L. Reinhardt, Esq.
Tashis, Catania, Liberth, Mahon

Ship Date: 26JAN10
ActWgt: 3.0 LB
CAD: 100438638/INET3010

Delivery Address Bar Code

Ref #  10444
Invoice #
PO #
Dept #

**Urgent**   136596 REV 2/06 MWI



FedEx
TRK# 7932 1403 0159
0201

ZU SWFA

FRI - 29 JAN  A1
STANDARD OVERNIGHT

12550
NY-US

SWF

Emp# 235334 01FEB10 GMVA

© 2005 FedEx 158396 REV 4/05 BP
01345-0509

Align bottom of Peel a

# EXHIBIT "B"

- 5 -



FROM: GAYL LYON
BANK OF AMERICA
5701 HORATIO STREET
UTICA, NY 13502
UNITED STATES US

SHIP DATE: 27AUG09
ACTWGT: 1.4 LB
CAD: 224230/CAFE2431

BILL SENDER

TO SANDY NEILSON
TARSHIS CATANIA  LIBRETH MAHON &
1 CORWIN COURT

NEWBURGH NY 12550
(845)565-1100
REF: DCPU081009000554

FedEx Express

TRK# 4018 1186 4308

FRI - 28AUG  A1
STANDARD OVERNIGHT

ZU SWFA

12550
NY-US
SWF



For FedEx Express® Shipments Only

Align bottom of **Peel and Stick Airbill** here.