**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE DEBRA A. SIMONELLI,<br><br>                  *Debtor.* | Chapter 13<br><br>Bankr. Case No.:    **08-34602-RG** |
| HOLT CONSTRUCTION CORP., a New York corporation,<br><br>                  *Plaintiff,*<br><br>      v.<br><br>DEBRA A. SIMONELLI,<br><br>                  *Defendant.* | Adv. Proceeding No.: **09-1413-RTL** |

**BRIEF OF DEBTOR DEBRA A. SIMONELLI IN SUPPORT OF
MOTION *IN LIMINE* FOR SANCTIONS, EXCLUSION OF EVIDENCE
OBTAINED IN VIOLATION OF FEDERAL RULES OF BANKRUPTCY
PROCEDURE; AND TO EXTEND AUTOMATIC STAY TO NON-DEBTOR
ENTITIES FRANCES STEEL CONSTRUCTION, INC.
AND STUDIO ASSOCIATES, INC.**

    A.      **INTRODUCTION AND RELIEF SOUGHT**

This statement of points and authorities is respectfully submitted in support of the within motion of the Chapter 13 debtor Debra A. Simonelli ("Simonelli") as against the adversary proceeding plaintiff, Holt Construction Corp. ("Holt"). Holt had been a subcontractor to non-debtor entities Frances Steel Construction, Inc. ("Frances Steel") and Studio Associates, Inc. ("Studio"), both New Jersey corporations. In this adversary proceeding, Holt objects to Simonelli's discharge on a theory that Frances Steel is

- 1 -

Simonelli's alter ego and, hence, personally liable for a corporate judgment in favor of Holt.

This motion seeks (a) an adjudication that Frances Steel and Studio are subject to the automatic stay, 11 U.S.C. § 361(a); (b) sanctions for Holt's violation of the stay, and/or a ruling *in limine* that any discovery Holt obtained or evidence developed in the course of the stay violation be excluded.

### B.     RELEVANT BACKGROUND

Simonelli has filed a plan of reorganization with a confirmation hearing scheduled for April 21, 2010. Simonelli has been the sole principal of Frances Steel and Studio through the present, although both ceased operating since the events giving rise to this proceeding. Holt claimed nonpayment by Frances Steel of $390,130.66 in a project for the Prudential Insurance Company in Newark in which Frances Steel had been the general contractor. *See* Adv. Proc. Compl. ¶ 25.

After cessation of Frances Steel's operations, Holt initiated an arbitration against Frances Steel. Holt obtained an award by default for $395,393,41 against Frances Steel alone, including fees and expenses for the arbitration. *Id.* at Ex. "4". Holt successfully obtained judgment thereon in the Supreme Court of New York *sub nom Holt Constr. Corp. v. Frances Steel Constr., Inc.*, Index no. 2008-940 (Sup. Ct. Rockland Co.); later domesticated in the Superior Court of New Jersey, Adv. Proc. Compl. at ¶¶ 27-28, Exs. "6" & "7".

The Court may take notice of its docket that Simonelli filed for Chapter 13 Bankruptcy Relief on December 10, 2008, thereby invoking the automatic stay of 11 U.S.C. § 362(a). On or about March 18, 2009, Holt initiated this adversary proceeding

against Simonelli, objecting to confirmation of her plan of reorganization and seeking award of a nondischargeable judgment in the amount of $395,698.41, together with interest at 9% per annum from May 21, 2008, Adv. Proc. Compl. ¶ 41, "plus pre-judgment and post-judgment interest", costs and attorneys' fees, *id.* at 10 (Prayer ¶ (a)). A period of discovery ensued.

On December 11, 2009, during the pendency of this adversary proceeding, Holt issued and served subpoenas duces tecum upon Capital One, N.A., and Bank of America. *See* Capital One Bus. Record Aff. dated Jan. 27, 2010, and FedEx label dated Aug. 28 2009; SanFilippo Aff. ¶ 3 & Exs. "A" & "B". In response, Holt obtained banking information from Frances Steel, Studio and Simonelli *personally.*

Holt did not issue its subpoenas pursuant to Rule 9016, instead it issued New York subpoenas under the Supreme Court Index Number to obtain documentary evidence for use against Simonelli at a deposition. Simonelli received no notice of these subpoenas and had not previously been served or invited to inspect or copy documents produced in compliance therewith. Furthermore, Holt had not produced any of these subpoenaed documents in this action. SanFilippo Aff. ¶¶ 4-6.

The subpoenaed documents appeared for the first time on March 24, 2010 as Holt's exhibits at deposition upon oral examination of Simonelli, noticed by counsel for Holt. *Id.* ¶ 6. Thus, neither Simonelli nor her counsel had any opportunity to review and/or prepare Simonelli to be refreshed or examined on their contents. *Ibid.* The withheld documents are, ostensibly, the heart of Holt's case and, thus, essential to the debtor's defense.

Simonelli's counsel suspended her deposition until accorded the tardy opportunity to inspect and copy the documents obtained through the Supreme Court action. *Id.* ¶ 8. At the time of the deposition, Holt's counsel stated that these documents had been subpoenaed in connection with collection activities against Frances Steel, ostensibly contemporaneously with the Judgment Holt had obtained against Frances Steel in mid-2008. *Id.* ¶ 7. On the contrary, upon inspection Simonelli's counsel discovered evidence of subpoenas dated in 2009 and/or 2010, during the pendency of this adversary proceeding and long after the automatic stay went into effect on December 10, 2008. *See id.* ¶ 9.

### C. HOLT'S ADVERSARY PROCEEDING ON ALTER EGO THEORY

Holt alleges that Frances Steel "is the mere alter ego of Simonelli . . . . Thus references herein to [Frances Steel] and Simonelli are one and the same since, . . . the corporate form should be disregarded and Simonelli held to personally answer for the debts of [Frances Steel]". Adv. Compl. ¶ 9. Therefore, the automatic stay of § 362(a) applies with equal force to Frances Steel as being "one and the same" as Simonelli.[1]

The Court may resolve questions of alter-ego liability on general, nonbankruptcy principles. Concepts of veil-piercing and alter-ego identity specifically "are not created by the Bankruptcy Code and do not require resort to any concept peculiar to bankruptcy for their resolution." *Composition Roofers Union Loc. No. 30 Welfare Trust Fund v. Roman, Inc.*, 1998 U.S. Dist. LEXIS 14951 (E.D. Pa. Sept. 9, 1998). Creditor piercing actions or alter ego actions are often considered non-core, "related to" proceedings. *Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1239 (3d Cir. 1994) (*citing Davis v. Merv Griffin Co.* (*In re Resorts Int'l, Inc.*), 128 B.R. 78, 96 (D.N.J. 1991)).

---

[1] Simonelli has filed a contesting answer denying, *inter alia*, that Frances Steel is an alter-ego.

- 4 -

### D. HOLT'S VIOLATIONS OF AUTOMATIC STAY AND DISCOVERY RULES

There can be little question that obtaining a debtor's personal financial records through a Rockland County Supreme Court subpoena, Holt violated Bankruptcy Code section 362's automatic stay. Holt also violated the stay by using a New York Index Number in its suit against Frances Steel as the sole party-defendant, in order to subpoena documents for use in the U.S. Bankruptcy Court. While Holt maintains that there is an indivisible Simonelli/Frances Steel entity, Holt's conduct bespeaks otherwise. Its utilization of state-court compulsory processes, in a case against Frances Steel alone, implicitly treats Frances Steel as a separate and distinct entity from Simonelli, in a puzzling contradiction of Holt's own pleading. *See* Fed. R. Civ. P. 11(b).

For clarity, Simonelli disputes any alter-ego relationship with Frances Steel. Simonelli maintains that Holt's own pleading demonstrates its alter-ego theory is merely a *post hoc* rationalization. Notably, when Holt petitioned the Supreme Court pursuant to N.Y. Civ. Prac. L. R. § 7510 for the February 28, 2008 Order confirming the arbitration award (Adv. Proc. Compl. Ex. "5"), Simonelli was not then in Bankruptcy, not subject to the automatic stay and, thus, available to be joined as a party-defendant on Holt's veil-piercing theory. Holt never did so. Similarly, when Holt sought the New York Judgment on May 21, 2008 (*id.* at Ex. "6"), Simonelli was still available as a party-defendant. Later, when Holt domesticated its foreign Judgment in the Superior Court of New Jersey on July 23, 2008 (*id.* at Ex. "7"), Holt could have joined Simonelli could but did not.

At no point did Holt accord Simonelli her day in court to dispel the alter-ego allegations Holt advances here. But given that Holt avers Simonelli and Frances Steel

- 5 -

"are one and the same", Holt should now be held to the logical and equitable consequence of its averments: the imposition of a stay *vis-à-vis* Frances Steel.

In sum, Holt's actions comprise collection activities without relief from the automatic stay, and in contravention of the discovery rules in an effort to deprive Simonelli of notice of the evidence to be used against her. This all redounds to Simonelli's surprise and detriment.

### E. STAY BROADENS TO NON-DEBTOR ENTITIES HAVING AN IDENTITY WITH THE DEBTOR, OR WHERE STAY PROTECTION IS ESSENTIAL TO DEBTOR'S PLAN OF REORGANIZATION

As a general principle, the relief of the automatic stay is unavailable to non-debtor entities. "Although the scope of the automatic stay is broad, the clear language of section 362(a) stays actions only against a 'debtor.' *McCartney v. Integra Nat'l Bank North*, 106 F.3d 506, 509 (3d Cir. 1997) (*quoting Maritime Elect. Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991)). One common, statutory exception is codified at § 1301, staying proceedings against non-debtors jointly liable for, or securing, a debtor's consumer debt. However, the Third Circuit, other circuits and courts in this district have recognized at least two circumstances where the stay should be extended to non-debtors. In the first,

> courts have extended the automatic stay to nonbankrupt codefendants in "unusual circumstances." As the case law demonstrates, courts have found "unusual circumstances" where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor."

*McCartney*, 106 F.3d at 510 (*quoting A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.), *cert. denied*, 479 U.S. 876 (1986)). In *In re S.I. Acquisition, Inc.*, 817 F.2d

- 6 -

1142, 1150-51 (5th Cir. 1987), the Fifth Circuit held the state-court action to have been stayed where that suit was premised on the theory that the defendants were the controlling persons of a debtor entity. Thus, a stay should apply to Holt's Rockland County Supreme Court action and postjudgment activities.

"Second, courts have extended the stay where 'stay protection is essential to the debtor's efforts of reorganization.'" *Stanford v. Foamex L.P.*, 46 Employee Bene. Cas. (BNA) 2314, 2009 U.S. Dist. LEXIS 32405, at *6-7 (E.D. Pa. Apr. 15, 2009) (footnote omitted) (*citing McCartney*, 106 F.3d at 510) (internal citation omitted); *see also Hess Corp. v Performance Texaco, Inc.*, No. 08-1426, 2008 U.S. Dist. LEXIS 94263 (*citing In Re Mid-Atlantic Handling Sys. LLC*, 304 B.R. 111, 128-29 (Bankr. D.N.J. 2003)) (finding that cases extend the stay under this theory where "principals or officers who have guaranteed the corporate debt are parties necessary to the effective reorganization of the debtor corporation"); *In re Family Health Services, Inc.*, 105 B.R. 937, 942-43 (Bankr. C.D. Cal. 1989) (staying collection actions against nondebtor members of debtor HMO because judgments against nondebtors would trigger claims for indemnification from the debtor HMO). The authority derives, in part, from the Court's equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). This statute is interpreted liberally. *See In re Jacobsen*, 378 B.R. 805, 811 (Bankr. E.D. Tex. 2007) (citation omitted).

F.    **APPLICABILITY OF STAY TO FRANCES STEEL AND STUDIO**

Holt is actively using its New York judgment against Frances Steel as a vehicle to impose the same judgment upon Simonelli, rendering Simonelli the "real party defendant" in its New York action. As such, that judgment against that third-party will in

effect be a judgment or finding against the debtor, the situation warranting extension of the stay to Frances Steel. Moreover, Holt is utilizing its New York Index No. as a vehicle to develop evidence beyond the confines of the federal rules. These comprise the kinds of "unusual circumstances" that *McCartney* and other decisional authorities have found warrant broadening the stay to related but "nonbankrupt" entities.

Furthermore, the second prong of *McCartney* is met in that a nondischargeable judgment in the amount of $395,698.41 – even without two years' of 9% interest – will effectively foreordain the failure of Simonelli's plan of reorganization. It is thus "essential to the debtor's efforts of reorganization" to extend the protection of the automatic stay to Frances Steel.

Simonelli also asks the Court to bring Studio, her other closely held corporation, within the ambit of the stay. Although a separate juridical entity with separate legal formalities, Studio shared office space and, hence, certain expenses with Frances Steel. SanFilippo Aff. ¶ 3. This, presumably, explains why Holt included Studio within the scope of its Rockland County subpoenas. Although Studio is not targeted by name in this action, Holt's belated production of Studio's records in anticipation of the Debtor's deposition merits extension of the stay to Studio as well.

### G. POST-PETITION SUBPOENA IN ANOTHER ACTION IS IMPROPER DISCOVERY VEHICLE FOR AN ADVERSARY PROCEEDING

By issuance of subpoenas that compelled a debtor's (and others') financial records outside this adversary proceeding, Holt not only violated the automatic stay but the fundamental tenets and purposes of discovery as well. It is by now axiomatic that "[t]he purpose of the discovery rules are, 'to avoid surprise and the possible miscarriage of justice, to disclose fully the nature and scope of the controversy, to narrow, simplify,

and frame the issues involved, and to enable a party to obtain the information needed to prepare for trial.'" *Perna v. Electronic Data Sys., Corp.*, 916 F. Supp. 388, 395-96 (D.N.J. 1995) (*quoting* 8 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2001 (1994); *accord*, *Kane v. United Indep. Union Welfare Fund*, No. 97-1505, 1997 U.S. Dist. LEXIS 14921, at *6-7 (E.D. Pa. Sept. 23, 1997) ("The purpose of discovery is to remove surprise from trial preparation, and allow the parties to evaluate and resolve their disputes.") (*citing Ragge v. MCA/Universal*, 165 F.R.D. 601 (C.D. Cal. 1995)); *United States v. Procter*, 356 U.S. 677, 682 (U.S. 1958) ("Modern instruments of discovery serve a useful purpose, . . . together with pretrial procedures make a trial less a game of blindman's buff [sic] and more a fair contest . . . .") (*citing Hickman v. Taylor*, 329 U.S. 495, 501 (1947)); 6 James Wm. Moore *et al.*, *Moore's Federal Practice* P26.02 (3d. ed. 2008).

In an adversary proceeding, discovery is governed by the Federal Rules of Bankruptcy Procedure, generally through Federal Civil Rules 26 through 37. *New Falls Corp. v. Faiella* (*In re Faiella*), Case No. 05-50986, Adv. Proc. No. 07-1470, 2008 Bankr. LEXIS 1452 (Bankr. D.N.J. Apr. 18, 2008). Rule 7037 makes Fed. R. Civ. P. 37 applicable to cases arising under the Bankruptcy Code; as to subpoenas specifically, Fed. R. Bankr. P. 9016 similarly applies Fed. R. Civ. P. 45.

While there is little question Rule 45 was available to Holt to obtain documents it deemed necessary, Holt did an end-run around not only the rule, but the Bankruptcy Court altogether in obtaining those documents. But Holt's subpoena activity outside this adversary proceeding do not fall neatly within the sanctions contemplated by the federal rules, because the rules clearly assume the federal case will be the vehicle from which

discovery requests emanate. In *Faiella*, this Court recognized that its "discretion to impose sanctions which penalize the wrongdoer, deter future abuse and compensate the injured." *Id.* at *12 (*quoting S.N. Phelps & Co. v. Circle K Corp.* (*In re Circle K Corp.*), 199 B.R. 92, 102 (Bankr. S.D.N.Y. 1996)). Subpoenas are generally directed at non-parties, falling outside the sanctions of Rule 37(b)(2). *See General Ins. Co. of Am. v. Eastern Consol. Utils.*, 126 F.3d 215, 221 (3d Cir. 1997). In this case the subpoena injury applied to a party, and it is respectfully submitted that Rule 37 provides proper, discretionary sanctions against Holt: prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; Fed. R. Civ. P. 37(b)(2)(A)(ii).[2]

---

[2] The other Rule 37 options are: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; . . . (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A).

### H.   BANKRUPTCY COURT'S EQUITABLE POWER PROPERLY INVOKED TO GRANT THE RELIEF SOUGHT HEREIN

This Court has congressional authority for "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11. U.S.C. § 105(a). Holt's conduct is not curable and must not be permitted to infect the trial of this action.

For the foregoing reasons, Simonelli's motion should in all respects be granted.

> Respectfully submitted,
> DAWN R. SANFILIPPO, ESQ., P.C.
> *Attorneys for Debtor Debra A. Simonelli*
>
> */s/ Dawn R. SanFilippo*
>
> by:   DAWN R. SANFILIPPO

Dated: April 19, 2010
       Cedar Grove, New Jersey

On the brief:
       Nicholas J. DuBois, Esq.